NELSON, Circuit Judge,
dissenting:
I respectfully dissent. Substantial evidence does not support the BIA’s denial of asylum, withholding of removal, and protection pursuant to the Convention Against *306 Torture (CAT). Perez-Ramirez v. Holder, 648 F.3d 963, 956 (9th Cir.2011). I would grant the petition for review.
In applying for relief, Lamont offered credible evidence that: (1) members of the Jamaica Labour Party (JLP) — the rival, governing political party — accused him of being a People’s National Party (PNP) member, attacked him with machetes, shot 100 rounds of ammunition into his house, and vowed to pursue him until his death; and (2) the police refused to investigate these assaults, instead detaining and beating him until he falsely confessed to PNP gang membership. Due to the family’s support of the PNP, JLP-members also shot Lamont’s younger brother, and murdered his sleeping nephew.
Based on this evidence, a reasonable factfinder would be compelled to conclude that Lamont suffered past persecution, Cordon-Garcia v. INS, 204 F.3d 985, 991 (9th Cir.2000), and that his support of the PNP was a central reason for the violence to which he was subjected. Parussimova v. Mukasey, 555 F.3d 734, 740-41 (9th Cir.2009) (amended). His persecutors’ explicit anti-PNP statements and actions show that they imputed a political opinion to Lamont and attacked him on that basis. See Cordon-Garcia, 204 F.3d at 991-92; Kebede v. Ashcroft, 366 F.3d 808, 812 (9th Cir.2004). While there may be a connection between politics and gangs in Jamaica, this does not negate the fact that, but for Lamont’s involvement with the PNP, he would not have been pursued by JLP members or detained and assaulted by the police. See Parussimova, 555 F.3d at 740-41 (holding that “persecution may be caused by more than one central reason, and an asylum applicant need not prove which reason was dominant,” so long as the applicant can prove that the motive was a “but for” cause of the persecution). Therefore, substantial evidence does not support the BIA’s conclusion that the attacks against Lamont were based exclusively on gang activity. A reasonable fact finder would be compelled to conclude that Lamont’s political opinion was a central reason for the for the violence to which he was subjected.
Lamont’s past persecution entitles him to a presumption of a well-founded fear of future persecution and eligibility for withholding of removal. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). In this case, the government has faded to show by a preponderance of the evidence that there has been a fundamental change in circumstances, that Lamont can relocate to another part of Jamaica safely, and that it would be reasonable to expect him to do so. See 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1); Melkonian v. Ashcroft, 320 F.3d 1061, 1069 (9th Cir.2003). Thus, substantial evidence does not support the BIA’s denial of asylum and withholding of removal.
Finally, the IJ and BIA assessed Lamont’s eligibility for relief pursuant to CAT incorrectly. Specifically, the IJ and BIA failed to consider Lamont’s experiences of past torture in determining future torture. Contra 8 C.F.R. § 1208.16(c)(3); see also Nuru v. Gonzales, 404 F.3d 1207, 1218 (9th Cir.2005) (“[PJast torture is ordinarily the principal factor on which we rely when an applicant who has previously been tortured seeks relief under [CAT]”). Further, the evidence does not support the BIA’s assumption that Lamont could relocate safely within Jamaica. Id. at 1219 (“[I]t will rarely be safe to remove a potential torture victim on the assumption that torture will be averted simply by relocating him to another part of the country.”). Based on the attempted and actual assassinations targeted at Lamont and his family members, and the willful blindness evidenced by government officials, see Zheng *307 V. Ashcroft, 332 F.3d 1186, 1194-95 (9th Cir.2003), the record compels the conclusion that Lamont will more likely than not be tortured or killed if forced to return to Jamaica.
I would therefore grant the petition for review.